## BROOKS BROS. v. CASSEBEER.

(Supreme Court, Appellate Division, First Department.   July 10, 1913.)

EXECUTION (§ 47*)—PROPERTY SUBJECT—"DEBT"—"PROFITS."

Where a husband living apart from his wife voluntarily paid the wife $150 a month for her support, he could not be ordered to pay 10 per cent. of that amount to a judgment creditor of the wife under Code Civ. Proc. § 1391, providing that where an execution has been returned wholly or partly unsatisfied and where any wages, debts, earnings, salary, income from trust funds, or profits are or shall become due the judgment debtor, the judgment creditor may obtain an execution against such wages, debts, etc., which shall become a lien and continuing levy thereon to the amount specified therein, which shall not exceed 10 per cent. thereof, such voluntary payment not being a "debt," since, while a husband is liable for his wife's support, he is not, in the absence of a decree or agreement, indebted to her in any sum whatever, nor "profits," which is the advantage or gain resulting from the investment of capital, or the acquisition of money beyond the amount expended, or a pecuniary gain.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 117;  Dec. Dig. § 47.*

For other definitions, see Words and Phrases, vol. 2, pp. 1864–1886; vol. 6, pp. 5659–5666; vol. 8, pp. 7628, 7766.]

Appeal from Special Term, New York County.

Action by Brooks Brothers against Eleanor G. Cassebeer.   From an order denying a motion to set aside an execution, defendant appeals.   Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Phillips & Avery, of New York City (C. Royall Fraser, of New York City, of counsel), for appellant.

Bernard I. Kamen, for respondent.

McLAUGHLIN, J.   The appellant is, and for some time has been, living separate and apart from her husband, and he is voluntarily paying her $150 a month for her maintenance and support.   No action has been brought to dissolve the marriage contract, nor is the amount paid her by virtue if any agreement between them.   The respondent obtained a judgment against the appellant for goods, wares, and merchandise sold after the separation took place.   Execution was issued upon the judgment and returned wholly unsatisfied.   The respondent then applied for and obtained an execution under section 1391 of the Code of Civil Procedure against the amount thus paid to her, directing that her husband pay 10 per cent. thereof, or $15 each month, to the sheriff until the judgment was paid.   The appellant moved to vacate and set aside the execution.   The motion was denied, and the appeal is from that order.

A consideration of the section of the Code referred to shows that the order is erroneous.   This section provides, among other things, that where an execution upon a judgment has been returned wholly or partly unsatisfied, and where any "wages, debts, earnings, salary, income from trust funds, or profits" are due or shall thereafter be-

come due and owing to the judgment debtor to the amount of $12 or more per week, then the judgment creditor may, upon application, obtain an execution against such "wages, debts, earnings, salary, income from trust funds, or profits," and upon presentation thereof by the officer to whom delivered for collection to the person from such "wages, debts, earnings, salary, income from trust funds, or profits" are due and owing, or may thereafter become due and owing to the judgment debtor, it shall become a lien and continuing levy upon the same to the amount specified therein, which shall not exceed 10 per cent. thereof.

Under this section an execution can only be directed against "wages, debts, earnings, salary, income from trust funds, or profits" —none of which covers or includes voluntary payments. The learned court below, as appears from the order directing that the execution issue, evidently was of the opinion that the payments were in satisfaction of a "debt or profit" due from the husband to the wife. The husband is under no legal obligation to make the payment. While he is unquestionably liable for the proper support and maintenance of his wife, he is not, in the absence of a decree or agreement, *indebted* to her in any sum whatever. Romaine v. Chauncey, 129 N. Y. 566, 29 N. E. 826, 14 L. R. A. 712, 26 Am. St. Rep. 544. A voluntary payment can no more be said to be in satisfaction of a debt than can a gift, because in either case there is no legal obligation to make it. The payments were not "profits." In the sense in which used, "profits" is the advantage or gain resulting from the investment of capital, or the acquisition of money beyond the amount expended; a pecuniary gain.

If the appellant were living with her husband and he were making her a similar allowance for spending money, no one, I take it, would contend that such allowance could be reached in the manner here sought. The fact that they are voluntarily living separate and apart does not change the situation. The legal obligation which the husband is under to support the appellant is limited to the amount which is necessary for her maintenance and support—an amount which can be fixed by him in the absence of a decree of the court—and, there being no proof to the contrary, it must be assumed that the amount which he pays her is necessary for that purpose.

The order appealed from is therefore reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.